UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
Shawn Shelton,                                    :
                                                  :
                              Plaintiff,          :
                                                  :        OPINION AND ORDER
                -against-                         :        DISMISSING ALLEGATIONS
                                                  :        AND COUNTS OF COMPLAINT
THE TRUSTEES OF COLUMBIA                          :
UNIVERSITY, PETER AWN in the                      :
individual and official capacity, LEE             :        04 Civ. 6714 (AKH)
BOLLINGER in the individual and official          :
Capacity, VANESSA KARAHALIOS in the               :
individual and official capacity, MARY            :
MCGEE in the individual and official              :
capacity, BARBARA MOSS in the                     :
individual and official capacity,                 :
                                                  :
                              Defendants.         :
-------------------------------------------------------x

ALVIN K. HELLERSTEIN, U.S.D.J.:

Background

        Plaintiff Shawn Shelton became a student at Columbia University (the "University") School of General Studies in the spring of 2001. On December 7, 2002, Plaintiff submitted a report to his instructor for the class Music Humanities. Based on a comparison to a website showing substantial similarities, the instructor notified the Dean of Students, who then notified Mr. Shelton on December 16, 2002, that he had been accused of academic dishonesty. The University held, and Plaintiff attended, a hearing on January 28, 2003 before a four member Subcommittee of the Committee on Academic Standing. The Subcommittee found Plaintiff guilty of plagiarism and recommended Plaintiff's dismissal from the University. The decision was affirmed by the full Committee.

        The Dean of Students notified Plaintiff of the decision in a January 31,

1

2003 letter. The letter informed Plaintiff that the full Committee upheld the recommendation of dismissal and that plaintiff had the right to appeal the dismissal within fourteen days to the Dean of Faculty of the School of General Studies. It appears from the record that Plaintiff did not appeal the Committee's decision.

Plaintiff has alleged twenty-seven causes of action alleging, <u>inter alia</u>, breach of contract, intentional infliction of emotional distress, fraud, negligence, breach of fiduciary duty, civil conspiracy, and violation of Plaintiff's rights under New York State Human Rights Law, 42 U.S.C. § 1981, and Title VI of the Civil Rights Act of 1964. As discussed below, I hold that these claims lack merit. The complaint is dismissed.

<u>Discussion</u>

A. *Rule 4(m)*

A review of the Court records indicates that the complaint in this action was filed on August 19, 2004. Columbia University was served, but the Individual Defendants appear not to have been served. Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion, or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice, as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. Proc. 4(m) (1998).

It appears, further, that Plaintiff was previously given notice of his failure to make service on the Individual Defendants but did not cure his failure. Accordingly,

the complaint against all Individual Defendants is dismissed and Columbia University, the only party that was served, remains as the only Defendant.

*B. Rule 8 and Rule 12(f)*

Plaintiff's complaint appears to concern alleged sexual harassment and racial discrimination by the named defendants which ultimately resulted in his dismissal from Columbia University, but is "so confused, ambiguous or otherwise unintelligible that its true substance, if any, is well disguised." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). Moreover, a large portion of the complaint is comprised of a "litany of vague and conclusory allegations whose relevance to the asserted claims is uncertain." Martin Luther King Jr. H.S. Parents v. New York City Dep't of Educ., 2004 U.S. Dist. Lexis 14029 (S.D.N.Y., July 23, 2004). The complaint therefore violates Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); see Salahuddin, 861 F.2d at 42. Although, as a *pro se* litigant, plaintiff must be afforded some extra latitude, his ambiguous and unintelligible complaint renders impossible meaningful response by defendants, or analysis by the Court. Under such circumstances, dismissal of the complaint is appropriate under Rule 8(a)(2). See Prezzi v. Schelter, 469 F.2d 691, 692 (2d Cir. 1972), cert. denied, 411 U.S. 935 (1973) (holding dismissal of *pro se* complaint under Rule 8 appropriate); Solomon v. H.P. Action Center, H.P.D., 99 Civ. 10352, 1999 WL 1051092, (S.D.N.Y. Nov. 19, 1999) (same).

Furthermore, the allegations are unduly vituperative, without any redeeming relevant or material purpose. These allegations are stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

3

Consequently, plaintiff's complaint is dismissed. Ordinarily, I would dismiss with leave to re-plead within 30 days from the date of this Order, consistent with the rulings of this Order. However, as the continuing discussion shows, there is no merit to Plaintiff's complaint, and therefore no reason to grant leave to Plaintiff to re-plead.

*C. Further Grounds for Dismissal*

Standard of Review

A Rule 12(b)(6) motion to dismiss requires the court to determine if plaintiff has stated a legally sufficient claim. A motion to dismiss under Rule 12(b)(6) may be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Branum v. Clark, 927 F.2d 698,705 (2d Cir.1991). The court's function is "not to assay the weight of the evidence which might be offered in support" of the complaint, but "merely to assess the legal feasibility" of the complaint. Geisler v. Petrocelli, 616 F.2d 636, 639 (2d Cir.1980). In evaluating whether plaintiff may ultimately prevail, the court must take the facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. See Jackson Nat'l Life Ins. Co. v. Merrill Lynch & Co., 32 F.3d 697, 699-700 (2d Cir.1994). Moreover, a complaint submitted pro se must be liberally construed and is held to a less rigorous standard of review than formal pleadings drafted by an attorney. Hughes v. Rowe, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); Salahuddin v. Coughlin, 781 F.2d 24, 28-29 (2d Cir.1986). "A complaint fails when, drawing all such reasonable inferences in plaintiff's favor, the complaint still falls short of setting out a legally sufficient claim."

Colon v. Russett, No. 02 Civ. 9982(AKH), 2004 WL 992703, at *1 (S.D.N.Y. May 5, 2004).

1. Claim of Intentional Infliction of Emotional Distress is Time-Barred

Plaintiff's 27th Cause of Action alleges that his expulsion from the University constituted the intentional infliction of emotional distress. Under New York law, claims for intentional infliction of emotional distress must be commenced within one year of the alleged incident. N.Y. C.P.L.R.§ 215(3). Here the alleged incident giving rise to the Plaintiff's claim for intentional infliction of emotional distress occurred at the time of his termination from the University on January 31, 2003. The present action was not commenced until June 23, 2004. Plaintiff has alleged, and can allege, no continuing course of action by the Defendants that would allow the statute of limitations to accrue at a date subsequent to the date of termination. As such, the action for intentional infliction of emotional distress is time barred by the applicable statute of limitations.

2. Federal Education Rights and Privacy Act Does Not Create Private Right of Action

In his 26th Cause of Action, Plaintiff alleges that Defendant Halvorson denied Plaintiff's request to view his student record in violation of FERPA. The Supreme Court has held that the provisions of FERPA, directed towards federal funding of educational institutions, "fail to confer enforceable rights." Gonzaga Univ. and Roberta S. League v. John Doe, 536 U.S. 273, 287 (2002). Enforcement of FERPA is expressly reserved to the Secretary of Education. 20 U.S.C.S. § 1232g(f) (2005). Since FERPA does not to create any private cause of action, Plaintiff's plea for relief under its provisions must be dismissed.

3. Civil Conspiracy Claim not Cognizable under New York Law

Plaintiff's 22nd Cause of Action alleges that the individual defendants, with the exception of President Bollinger, conspired to deprive Plaintiff of the opportunity to earn his degree from the University. New York law does not recognize the independent tort of civil conspiracy. See Sado v. Ellis, 882 F.Supp. 1401, 1408 (S.D.N.Y. 1995). New York courts have held that "mere conspiracy to commit a tort is never of itself a cause of action." Alexander & Alexander, Inc. v. Fritzen, 68 N.Y.2d 968, 969 (1986). In order for a civil conspiracy claim to be allowed, an independent tort must form the basis for the claim. See Sado v. Ellis at 1408. Plaintiff's claim for civil conspiracy is dismissed.

4. The §1981 Claim Fails to State a Claim for Relief

Plaintiff's 2nd Cause of Action alleges violations of 42 U.S.C. §1981. Section 1981 aims to protect identifiable classes of persons from discrimination on the basis of race or ethnicity. To state a legally sufficient claim under §1981, "the events of the intentional and purposeful discrimination, as well as the racial animus constituting the motivating factor for the for the defendant's actions must be specifically pleaded in the complaint to withstand dismissal under Rule 12(b)(6)." Yusuf v. Vassar College, 827 F. Supp. 952, 955 (S.D.N.Y. 1993). Here Plaintiff has failed to plead any causal link between the Defendants' conduct in dismissing him from the University and Plaintiff's race. Plaintiff's conclusory allegations that the University regularly imposes harsher penalties on African-American students than on Caucasian or Asian students, is inconsistent with the facts leading to Plaintiff's termination, and cannot create a cause of action that appears not to exist. Accordingly, Plaintiff's Cause of Action under §1981 is dismissed.

5. <u>The Breach of Contract and Inducing Breach of Contract Claims Fail to State a Claim for Relief</u>

In his 7th, 8th, 12th, 17th, 19th and 23rd Causes of Action, Plaintiff alleges various claims against the University for breach of contract.

Plaintiff's 7th Cause of Action alleges that the basis of Plaintiff's expulsion, and the breach of his contract with the University, was his race. The Issue of race is a civil rights claim, under federal and state law, already pleaded in other counts of the complaint. Plaintiff may not seek to plead these claims as a contract claim using identical facts. Plaintiff's 7th Cause of Action is dismissed.

Plaintiff's 8th, 12th and 17th Causes of Action allege breaches resulting from the University's failure to provide a sufficient number of sections of a required course, a Barnard professor's failure to grade a late term paper, and because Plaintiff was required to take a final examination although he claims to have been ill. Although an implied contract is established between a student and university upon the student's enrollment, the terms of such contract "are supplied by the bulletins, circulars and regulations made available to the student." <u>Gally v. Columbia University</u>, 22 F. Supp. 2d 199, 206 (S.D.N.Y. 1998). Plaintiff has presented no evidence of any clause of any document, or any oral promise, that was breached. As such, "his claims appear much less like contract claims and much more like academic determinations that … should have been brought in an Article 78 proceeding." <u>Chira v. Columbia University</u>, 289 F. Supp. 2d 477, 486 (S.D.N.Y. 2003). Under Article 78, claims challenging a University's academic discretion can be brought only within four months after the student has exhausted all administrative remedies or within four months of the decision being

challenged. Plaintiff may not bypass the four month statute of limitations by couching his challenges to the University's academic determinations in terms of a breach of contract. Plaintiff's 8th, 12th and 17th Causes of Action are dismissed as time-barred.

Plaintiff's remaining contract claims, his 19th and 23rd Causes of Action, allege that his dismissal was improper because it was finalized prior to the expiration of his time for appeal and because the finding of plagiarism was unfair and unduly harsh. The University disciplinary policy is outlined in the University Bulletin and provides that acts of plagiarism are punishable by "suspension or dismissal from the School." (McGee Aff. Exh. E at 48.) Thus, by the terms of the Bulletin which provide the terms of any possible implied contract between the University and the Plaintiff, Plaintiff's argument that his dismissal for one act of plagiarism was unduly harsh is without merit.

Plaintiff's remaining argument is that he was dismissed before his time for appeal became final and that the University method for determining his guilt was unfair. "Strong policy considerations militate against the intervention of courts in controversies relating to an educational institution's judgment of a student's academic performance." Susan M. V. New York Law School, 76 N.Y.2d 241, 245 (N.Y. 1990). Where the reasons for a student's dismissal are related to matters of academic achievement, judicial review is generally improper absent allegations that the determination was arbitrary, capricious, irrational or otherwise made in bad faith. Susan M., 76 N.Y.2d at 245. Although the complaint can be read as including such allegations, they do not fit the facts of this case. The Plaintiff was charged with plagiarism and a full disciplinary hearing was held and was attended by the Plaintiff. Further, there is no evidence in the record of any appeal filed by the Plaintiff. Barring some showing of bad faith, it is not the place of

challenged. Plaintiff may not bypass the four month statute of limitations by couching his challenges to the University's academic determinations in terms of a breach of contract. Plaintiff's 8th, 12th and 17th Causes of Action are dismissed as time-barred.

Plaintiff's remaining contract claims, his 19th and 23rd Causes of Action, allege that his dismissal was improper because it was finalized prior to the expiration of his time for appeal and because the finding of plagiarism was unfair and unduly harsh. The University disciplinary policy is outlined in the University Bulletin and provides that acts of plagiarism are punishable by "suspension or dismissal from the School." (McGee Aff. Exh. E at 48.) Thus, by the terms of the Bulletin which provide the terms of any possible implied contract between the University and the Plaintiff, Plaintiff's argument that his dismissal for one act of plagiarism was unduly harsh is without merit.

Plaintiff's remaining argument is that he was dismissed before his time for appeal became final and that the University method for determining his guilt was unfair. "Strong policy considerations militate against the intervention of courts in controversies relating to an educational institution's judgment of a student's academic performance." Susan M. V. New York Law School, 76 N.Y.2d 241, 245 (N.Y. 1990). Where the reasons for a student's dismissal are related to matters of academic achievement, judicial review is generally improper absent allegations that the determination was arbitrary, capricious, irrational or otherwise made in bad faith. Susan M., 76 N.Y.2d at 245. Although the complaint can be read as including such allegations, they do not fit the facts of this case. The Plaintiff was charged with plagiarism and a full disciplinary hearing was held and was attended by the Plaintiff. Further, there is no evidence in the record of any appeal filed by the Plaintiff. Barring some showing of bad faith, it is not the place of

this court to second-guess the academic determinations made by a University. The 9th and 23rd Causes of Action are therefore dismissed.

In his 15th and 18th Causes of Action, Plaintiff alleges that Individual Defendants Awn, Halvorson and McGee are liable for inducing breach of contract by preventing Plaintiff from contesting certain decisions made by Columbia Professors. For reasons already stated regarding the failure to make service, and because one cannot induce a breach of contract without proof of an actual breach of contract, Plaintiff's claims are without merit and are dismissed.

6. The Fraud Claims Fail to State a Claim for Relief

In his 9th Cause of Action, Plaintiff alleges that Columbia committed fraud because it knew, or should have known, that there were not sufficient sections of an English course that the Plaintiff was required to take. In his 20th Cause of Action, Plaintiff alleges that the Columbia Individual Defendants committed fraud when they presented false information at Plaintiff's plagiarism hearing.

Under New York law, a Plaintiff alleging fraud must show: "false representation, scienter, materiality, expectation of reliance, justifiable reliance, and damage." Congress Financial Corp. v. John Morrell & Co., 790 F.Supp. 459, 469 (S.D.N.Y. 1992). Plaintiff has failed to plead, and has presented no facts that would support, the necessary elements for fraud. As to the 9th Cause of Action, Plaintiff has simply alleged that Columbia accepted his tuition payments and that Columbia allegedly did not provide enough sections of a required course. These allegations do not support a cause of action in fraud. Similarly, in his 20th Cause of Action, Plaintiff alleges, for the first time, that his written admission of plagiarism and the plagiarized paper itself were

not written or submitted by the Plaintiff. Even accepting Plaintiff's allegations as true, such statements, standing alone, do not show the necessary elements for fraud. Plaintiff's 9th and 20th Causes of Action are therefore dismissed.

7. The Negligence and Breach of Fiduciary Duty Claims are Claims of Educational Malpractice and are not Recognized under New York Law

In his 10th, 11th, 14th, 16th, 21st and 25th Causes of Action Plaintiff alleges breaches of fiduciary duty on the part of the University and the Individual Defendants. These claims all address academic decisions on the part of Columbia and the Individual Defendants. In his 13th and 24th Causes of Action, Plaintiff alleges negligence on the part of Columbia and the Individual Defendants. These claims also address academic decisions on the part of Columbia and the Individual Defendants. These claims are best characterized as claims of educational malpractice and are not recognized under New York law. The prohibition against allowing educational malpractice claims "recognizes that universities are empowered to set their own academic standards and procedures." Gally, 22 F. Supp. 2d at 207. Decisions made by a University regarding a student's academic performance are best left to the educators themselves and should not be subject to review in the courts. Further, to the extent that Plaintiff does seek to challenge the academic decisions of the University, such claims are best addressed through an Article 78 proceeding. As such, these claims are dismissed.

8. The Claims Alleging Civil Rights Violations under Title IX, Title VI and New York City and State Law Fail to State a Claim for Relief

In his 1st Cause of Action, Plaintiff alleges a violation of Title IX of the Education Amendments of 1972 claiming that, as a heterosexual male, he was treated

10

differently by various Columbia administrators whom the Plaintiff has claimed are homosexual. In his 3rd Cause of Action, Plaintiff alleges a violation of Title VI of the Civil Rights Act of 1964. In his 4th, 5th and 6th Causes of Action, Plaintiff alleges, respectively, violations of the New York Education Law, the New York City Administrative Code, and New York State Human Rights Law.

As to Plaintiff's 1st Cause of Action, Title IX provides that no person shall be excluded from participation in, denied the benefits of, or be subjected to discrimination under any federally-financed education program or activity on the basis of sex. 20 U.S.C. § 1681(a). In analyzing claims brought pursuant to Title IX, courts apply Title VII standards. Weinstock v. Columbia University, 224 F.3d 33, 42 n.1 (2d Cir. 2000). Under Title VII standards, "[c]onduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment …" is not actionable. Harris v. Forklift Systems, Inc., 510 U.S. 17, at 21 (1993). Thus, isolated or episodic acts of harassment will generally be insufficient to sustain a cause of action under Title IX. In order to be actionable, "the incidents of harassment must occur in concert or with a regularity that can reasonably be termed pervasive." Quinn v. Green Tree Credit Corp., 159 F.3d 759 at 768 (2d Cir. 1998). Here, Plaintiff has simply alleged that on various occasions, Individual Defendant Halvorson stated that the Plaintiff was good looking and insinuated that he would be open to establishing a sexual relationship with Plaintiff. Under the standard set forth in Harris, such isolated comments are not actionable. Harris, 510 U.S. at 21. Moreover, Plaintiff has shown no direct connection between the alleged sexual harassment by Defendant Halvorson and the gravamen of his complaint, that his expulsion was improper.

Even assuming that the alleged incidents would support a cause of action under Title IX, Plaintiff's claim must still be dismissed as he has failed to show that an official, with the authority to address the discrimination, had actual knowledge of such incidents and failed to remedy the violation. Gebser v. Lago Vista Indep. School Dist., 524 U.S. 274, 290 (1998). In this instance, Plaintiff has presented no evidence to show actual knowledge on the part of any University administrators as to Defendant Halvorson's alleged acts. The only incident reported by the Plaintiff to the University concerned an entirely separate matter involving a University security guard. Having failed to show that the alleged acts were pervasive or sufficiently severe and having failed to show any actual knowledge on the part of University administrators, Plaintiffs 1st Cause of Action is dismissed.

In his 3rd Cause of Action, Plaintiff alleges violations under Title VI of the Civil Rights Act of 1964. Title VI was modeled after, and runs parallel to, Title IX except that it prohibits race discrimination, rather than sex discrimination, and applies to all federally-funded programs. Gebser, 524 U.S. at 286. As such, Tile VI claims are analyzed under the same standards applied to Title IX claims. Under this standard, a plaintiff alleging a violation of Title VI must show "that the racial harassment was sufficiently severe or pervasive so as to alter the conditions of her education and create an abusive educational environment." Folkes v. New York Coll. of Osteopathic Med. of New York Inst. of Tech., 214 F. Supp.2d 273 at 292 (E.D.N.Y. 2002). Here, Plaintiff has only alleged isolated references to his race by University administrators and has made conclusory statements that the University regularly punishes African-American students more severely than students of other races. Allegations of isolated incidents and

conclusory statements as to racial discrimination are insufficient to sustain a cause of action pursuant to Title VI. Plaintiff's 3rd Cause of Action is dismissed.

Having dismissed all other claims asserted by Plaintiff in his complaint, this court declines to exercise supplemental jurisdiction over Plaintiff's 4th, 5th and 6th Causes of Action. 28 U.S.C. § 1367(c)(3).

D. *Additional Matters*`

1. Servicemembers Civil Relief Act

Plaintiff has stated that he is serving in the military. Plaintiff is hereby notified of his potential right to request a stay of his right to file a notice of appeal under the Servicemembers Civil Relief Act (SCRA). 50 U.S.C. Appx. § 501. Under § 522(a) of the SCRA, persons serving in the military service may request a stay of judicial proceedings. 50 U.S.C. Appx. § 522(a). Should Plaintiff wish to utilize the protections afforded by the SCRA, he must comply with the requirements set forth in § 522(b)(2) of the Act which requires: 1) a letter or other communication explaining the manner in which current military duties materially affect the servicemember's ability to appear in the proceedings and setting forth a state when the servicemember will be available; and 2) a letter or other communication from the servicemember's commanding officer explaining that the servicemember's current military duties prevent him from appearing and that the servicemember is not eligible for leave. 50 U.S.C. § 522(b)(2). Plaintiff shall also state an address where he can be served. Under Rule 4, Fed. R. App. P., I grant Plaintiff 30 days to make this filing. Failure to make this showing timely, or failure to file a notice of appeal timely will cause the time to appeal to expire.

Conclusion

For the reasons stated, the Defendants' Motion to Dismiss is granted, and the complaint is dismissed. The clerk is instructed to mark the case as closed.

SO ORDERED.

Dated: New York, New York
October 31, 2005

ALVIN K. HELLERSTEIN
United States District Judge